Loews Corporation et al., Respondents, v Sperry Corporation, Appellant, et al., Defendant.

First Department, April 29, 1982

APPEARANCES OF COUNSEL

*Yvette Harmon* of counsel (*Mitchell L. Marinello* with her on the brief; *Windels, Marx, Davies & Ives,* attorneys), for appellant.

*Steven Finell* of counsel (*Andrew C. Gold* with him on the brief; *David & Finell,* attorneys), for respondents.

### OPINION OF THE COURT

Lynch, J.

This action arose when plaintiff Loews Corp. purchased for its Bulova subsidiary a computer software system that never functioned. It was manufactured by defendant Sperry and sold through its distributor, defendant Leskin. From the complaint and supporting papers, it appears that Sperry had had several meetings with Loews and Bulova which culminated in the purchase when Sperry represented that its system would meet Bulova's requirements and would be installed on a "turnkey basis", that is, ready to operate. Loews then sent a proposed letter agreement to Sperry and Leskin for their signatures. Sperry refused to sign, being fearful of seeming to its distributors, such as

Leskin, to be setting a precedent of dealing directly with the end-users. Sperry, however, according to Loews, represented to it that it had signed a special agreement with Leskin to provide all the support and implementation required for the Bulova installation. Thereafter a revised letter agreement was signed by Loews and Leskin containing the wording, "It is my understanding that Sperry-Univac has made an agreement with Leskin Associates to supply the support services associated with this letter of intent". Loews learned after it had signed the purchase agreement with Leskin that Sperry ultimately refused to sign a special agreement with Leskin.

It is the gist of the third cause of action, which is pleaded only against Sperry, that, since Sperry induced Loews to sign the purchase agreement with Leskin by its representation that it had agreed with Leskin to provide the requisite support services, Sperry is estopped from denying the existence of such a Sperry-Leskin agreement, and Loews is the third-party beneficiary of the agreement necessarily produced by this estoppel. Special Term did not specifically address the third cause of action. It held generally that plaintiff showed an involvement of Sperry sufficient to uphold all of the attacked causes of action. We agree with the result reached respecting the second and fourth, but we find the third cause of action lacks legal merit.

Loews would derive its right of action from the holdings in *Triple Cities Constr. Co. v Maryland Cas. Co.* (4 NY2d 443) and *Metropolitan Life Ins. Co. v Childs Co.* (230 NY 285), but these cases are inapposite. They hold that estoppel will operate in favor of one party to a contract who, in rightful reliance on the word or deed of another party to the contract, changes his position to his detriment. Loews has cited no authority, nor have we found any, that would enable a nonparty to create by estoppel a contract between two others and then claim the benefits of that contract.

Accordingly, the order, Supreme Court, New York County (KIRSCHENBAUM, J.), entered September 17, 1981, denying defendant-appellant Sperry Corp.'s motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) the second, third, and fourth causes of action of the complaint, should be modified, on the law, to dismiss the third cause of action,

and otherwise affirmed, without costs and without disbursements.

KUPFERMAN, J. P., CARRO, MARKEWICH and MILONAS, JJ., concur.

Order, Supreme Court, New York County, entered on September 17, 1981, unanimously modified, on the law, without costs and without disbursements, to dismiss the third cause of action, and otherwise affirmed.